**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DAVID HUNTER, on behalf of himself and all others similarly situated,

Plaintiff,

v.

CAREFUSION RESOURCES, LLC, a Delaware corporation; BECTON DICKINSON AND COMPANY, a New Jersey corporation; and DOES 1 to 50, inclusive,

Defendants.

Case No.: 26-cv-04392-H-AHG

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

[Doc. No. 9.]

On August 27, 2026, Plaintiff David Hunter filed a motion to remand the action back to state court. (Doc. No. 9.) On September 18, 2026, Defendants CareFusion Resources, LLC and Becton Dickinson and Company filed a response in opposition to Plaintiff's motion to remand. (Doc. No. 12.) On September 28, 2026, Plaintiff filed a reply. (Doc. No. 13.)

A hearing on Plaintiff's motion to remand is currently scheduled for Monday, December 7, 2026 at 10:30 a.m. The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter is appropriate for resolution without oral argument, submits the motion on the parties' papers, and vacates the hearing. For the reasons below,

the Court denies Plaintiff's motion to remand.

## Background

The following factual background is taken from the allegations in Plaintiff's complaint. Plaintiff worked for Defendants as a non-exempt employee as a field services technician from approximately July 2022 through July 2025 in San Diego County, California. (Doc. No. 1-2, Compl. ¶ 7.) On June 25, 2026, Plaintiff filed a wage and hour class action complaint against Defendants in the Superior Court of California, County of San Diego, alleging nine causes of action for: (1) failure to pay all wages; (2) failure to pay all overtime wages; (3) failure to provide all meal periods; (4) failure to authorize and permit all paid rest periods; (5) failure to pay all wages due to illegal rounding; (6) failure to fully reimburse work expenses; (7) derivative failure to timely furnish accurate itemized wage statements; (8) derivative violations of California Labor Code §§ 201–02; and (9) unfair business practices in violation of California's Unfair Competition Law, California Business & Professions Code § 17200, et seq. (Id. ¶¶ 33–140.)

On July 31, 2026, Defendants removed the action from state court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Doc. No. 1, Notice of Removal.) On July 31, 2026, Defendants filed an answer to Plaintiff's complaint. (Doc. No. 2.)

By the present motion, Plaintiff moves to remand the action back to state court on the basis of lack of subject matter jurisdiction. (Doc. No. 9.) Specifically, Plaintiff contends that the Court lacks jurisdiction over the action under CAFA because the home state exception to CAFA jurisdiction applies this action. (See Doc. No. 9-1 at 1–5.)

## Discussion

### I. Legal Standards

"A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action." Allen v. Boeing Co., 784 F.3d 625, 628 (9th Cir. 2015) (citing 28 U.S.C. § 1441(a)); see Caterpillar Inc. v. Williams, 482 U.S. 386, 392

(1987). "Federal courts are courts of limited jurisdiction and, as such, cannot exercise jurisdiction without constitutional and statutory authorization." Hansen v. Grp. Health Coop., 902 F.3d 1051, 1056 (9th Cir. 2018). Although there is generally a strong presumption against removal jurisdiction, see Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010), "'no antiremoval presumption attends cases invoking CAFA,' in part because the statute was enacted 'to facilitate adjudication of certain class actions in federal court.'" Jauregui v. Roadrunner Transportation Servs., Inc., 28 F.4th 989, 992–93 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014)).

"CAFA provides, in relevant part, that federal district courts shall have original jurisdiction over civil class actions where the matter in controversy exceeds five million dollars and 'any member of a class of plaintiffs is a citizen of a State different from any defendant[.]'" Adams v. W. Marine Prods., Inc., 958 F.3d 1216, 1220 (9th Cir. 2020) (quoting 28 U.S.C. § 1332(d)(2)). "Congress enacted CAFA in 2005 to curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multistate or even national class actions in state courts." Bridewell-Sledge v. Blue Cross of California, 798 F.3d 923, 927 (9th Cir. 2015). "Thus, 'CAFA was intended to strongly favor federal jurisdiction over interstate class actions.'" Adams, 958 F.3d at 1220 (quoting King v. Great Am. Chicken Corp, Inc., 903 F.3d 875, 878 (9th Cir. 2018)).

"Congress provided exceptions to CAFA jurisdiction, however, to allow truly intrastate class actions to be heard in state court." Id. One of which is the home state exception. See id. "The home state exception accords two bases for remand: one mandatory and the other within the district court's discretion." Id. Under the mandatory home state exception, a "district court 'shall' decline to exercise jurisdiction where 'two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.'" Adams, 958 F.3d at 1220 (quoting 28 U.S.C. § 1332(d)(4)(B)).

"Once CAFA jurisdiction has been established, the burden falls on the party seeking remand . . . to show that an exception to CAFA jurisdiction applies." Id. at 1221 (citations omitted). "To meet this burden, the moving party must provide some facts in evidence from which the district court may make findings regarding class members' citizenship." Brinkley v. Monterey Fin. Servs., Inc., 873 F.3d 1118, 1121 (9th Cir. 2017). "Citizenship is determined 'as of the date the case became removable[.]'" Adams, 958 F.3d at 1221 (quoting Mondragon v. Cap. One Auto Fin., 736 F.3d 880, 883 (9th Cir. 2013)). "A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." Mondragon, 736 F.3d at 884.

## II. Analysis

Plaintiff argues that the mandatory home state exception applies here because: (1) more than two-thirds of the proposed class members are California citizens; (2) Defendant CareFusion is the only primary defendant; and (3) Defendant CareFusion is a citizen of California. (Doc. No. 9-1 at 2–5.) In response, Defendants contend that Defendant CareFusion is not a California citizen. (Doc. No. 12 at 9–11.)

Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). LLCs are "unincorporated associations" under § 1332(d)(10). Jack v. Ring LLC, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021); Ramirez v. Carefusion Res., LLC, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) (collecting cases); Cortes Alzate v. Destination Pet, LLC, No. CV 26-6523-JFW(BFMX), 2026 WL 2727472, at *3 (C.D. Cal. Sept. 15, 2026).

In Hertz Corp. v. Friend, 559 U.S. 77, 80–81, 92–93 (2010), the Supreme Court held that a corporation's principal place of business is determined by the "nerve center" test. Under the "nerve center" test, a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Id. at 92–93. "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control,

and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." Id. at 93.

Defendants attached to their notice of removal a declaration from Defendant CareFusion's Director of Human Resources. (Doc. No. 1-6, Korzen Decl.) The declaration states that "CareFusion is a limited liability company organized under the laws of the State of Delaware." (Id. ¶ 3.) The declaration also states that "CareFusion's officers reside outside of California and are primarily located in New Jersey." (Id.)

The declaration is sufficient to demonstrate that Defendant CareFusion is a citizen of Delaware and New Jersey and not a citizen of California. CareFusion is a citizen of Delaware under CAFA because it is organized under the laws of Delaware. See 28 U.S.C. § 1332(d)(10). And CareFusion is a citizen of New Jersey because its principal place of business is New Jersey under the "nerve center" test. See id. Under the "nerve center" test, a company's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz, 559 U.S. at 92–93. Defendants' declaration establishes that CareFusion's officers are located outside of California and are primarily in New Jersey. (See Doc. No. 1-6, Korzen Decl. ¶ 3.)

In an effort to demonstrate that Defendant CareFusion is a California citizen, Plaintiff relies solely on CareFusion's Statement of Information filed with the California Secretary of State. (Doc. No. 9-1 at 4–5 (citing Doc. No. 9-4, Ex. A); Doc. No. 13 at 3–6.) CareFusion notes that the Statement of Information lists a California address as CareFusion's "Principal Address." (Id.) But this is insufficient to rebut the declaration from CareFusion's Director of Human Resources. The Statement of Information merely establishes that CareFusion has a physical location within California. Under the "nerve center" test, as explained by the Supreme Court in Hertz, this is not enough. In Hertz, the Supreme Court explained that a company's physical headquarters is only the company's principal place of business if is "the actual center of direction, control, and coordination." Hertz, 559 U.S. at 93; see also Sporn v. TransUnion Interactive, Inc., No. 18-CV-05424-

YGR, 2019 WL 151575, at *3 (N.D. Cal. Jan. 10, 2019) ("[I]t may be the case that a corporation's principal place of business for the purposes of determining corporate citizenship differs from the location characterized as the company's 'headquarters.'"). Plaintiff has provided the Court with no evidence showing that the California address listed in the Statement of Information is the actual center of direction, control, and coordination for Defendant CareFusion.[1] Under the "nerve center" test, the place of direction, control, and coordination is the location of the company's officers. And the only evidence in the record stating the location of Defendant CareFusion's officers is the declaration from CareFusion's Direction of Human Resources stating that they are all located outside of California and are primarily in New Jersey. (See Doc. No. 1-6, Korzen Decl. ¶ 3.)

In sum, Plaintiff has failed to prove by a preponderance of the evidence that CareFusion is a California citizen. As such, Plaintiff has failed to meet its burden of proving that the mandatory home state exception to CAFA jurisdiction applies to this action.[2]

---

[1] The Court does not find persuasive Plaintiff's reliance on Rosas v. Superior Court, 25 Cal. App. 4th 671, 673-74 (1994). (See Doc. No. 9-1 at 5.) Rosas is a pre-Hertz California Court of Appeal case that does not apply the "nerve center" test. For similar reasons, the Court also does not find persuasive Plaintiff's reliance on Modiano v. BMW of N. Am. LLC, No. 21-CV-00040-DMS-MDD, 2021 WL 973566, at *2 (S.D. Cal. Mar. 16, 2021). (See Doc. No. 13 at 4.) Modiano is not a decision applying the "nerve center" test from Hertz.

Finally, the Court does not find persuasive Plaintiff's reliance on Sporn. (See Doc. No. 13 at 3–4.) In Sporn, in addition to the company at issue's filings with the Secretary of State, there was also evidence in the record showing that all three of the company's directors worked and lived in Illinois. See 2019 WL 151575, at *3. Plaintiff does not have similar evidence here regarding Defendant CareFusion's directors/officers.

[2] In his reply brief, Plaintiff requests that, in the event the Court determines that the operative complaint does not establish the elements of the home state exception, Plaintiff be given leave to amend his complaint to establish that Defendant CareFusion was the direct employer of Plaintiff and the sole primary defendant in this action. (Doc. No. 13 at 6–7.) Because the Court concludes that Plaintiff has failed to meet its burden of proving the mandatory home state exception applies here because Defendant CareFusion is not a

**Conclusion**

For the reasons above, the Court denies Plaintiff's motion to remand.

**IT IS SO ORDERED.**

DATED: October 26, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

California citizen (and not because it is not the sole primary defendant in this action), the Court denies Plaintiff's request for leave to amend his complaint as moot.